Doris **LEWIS**, Guardian in behalf of Alice Leona Tafolla, Nadine Arline Tafolla, Doris Fay Ann Tafolla, Anita Margaret Tafolla, Fennisa Colleen Tafolla, Melody Kay Tafolla, all minor children, Plaintiff,

v.

**MID–CENTURY INSURANCE COMPANY, a corporation, Defendant.**

**MID–CENTURY INSURANCE COMPANY, a corporation, Third-Party Plaintiff,**

v.

**AMERICAN CASUALTY COMPANY, a corporation, Third-Party Defendant.**

Civ. No. 593.

United States District Court
D. Montana,
Billings Division.
Dec. 18, 1967.

Jones, Olsen & Christensen, Billings, Mont., for plaintiff.

Crowley, Kilbourne, Haughey, Hanson & Gallagher, Billings, Mont., for defendant Mid-Century Insurance Co.

Jardine, Stephenson, Blewett & Weaver, Great Falls, Mont., Attorneys for American Casualty Co., third party defendant.

## OPINION AND ORDER

RUSSELL E. SMITH, District Judge.

What is the impact of the Montana Motor Vehicle Responsibility Law upon the terms of a standard form of an automobile liability policy? This case poses that problem. The facts are contained in an Agreed Statement of Facts and, for the purposes of this order, may be summarized very briefly as follows:

Duane Tafolla (Duane) had an automobile accident while driving a car owned by Martin Stulc (Stulc). At the time of the accident Stulc and Duane's wife, Darlene Tafolla (Darlene) were passengers in the car. Darlene was killed. The six children of Duane and Darlene, acting through a guardian, recovered a judgment against Duane in the amount of $91,172.55 for the wrongful death of their mother.

At the time of the accident the Stulc car was insured by American Casualty Company with $10,000/$20,000 limits. Duane was insured by Mid-Century Insurance Company (Mid-Century) in a policy with $25,000/$50,000 limits. American Casualty undertook the defense of the guardian's action, but before trial, and with the consent of Duane, settled with the guardian for $7500.00 and abandoned the defense. Duane thereafter defended the case with his own counsel.

The guardian, to whom Duane assigned all of his rights, now seeks to recover from Mid-Century the amount of the judgment plus the attorney's fees for which Duane became obligated in the wrongful death action in the amount of $1850.00.

The Mid-Century policy insuring Duane contained an exclusion as follows:

> "to the liability for any insured for bodily injury to (a) any member of the same household of such insured except a servant, \* \* \*"

At the time of the accident Duane and Darlene and the children were members of the same household. Mid-Century did not defend the action, did not pay to defend it, and has refused to pay all or any part of the judgment.

After the guardian recovered the judgment in the state court the defendant, Mid-Century, certified to the Supervisor of the Motor Vehicle Responsibility Law, on a standard form, SR–21, that Duane was insured on the day of the accident under a policy with limits at least equal to those required by the law.

Several decisive[1] questions of local law which have not yet been decided by the Supreme Court of Montana are posed by the action.

1. Does § 53–438, R.C.M.1947, prohibit an insurer from inserting exclusions in an insurance policy if those exclusions are not mentioned in the section?[2]

---

1. Because of the policy limits and size of the judgment the problems here pose arise no matter what controversy might exist between Mid-Century and American Casualty as to primary or excess coverage.

2. "Such owner's policy of liability insurance \* \* \* shall insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured,

2. Does the provision of the policy "Terms of this policy which are in conflict with the statutes of the state wherein this policy is issued, are hereby amended to conform to such statutes" in effect incorporate section 53–438 and in effect eliminate the quoted exclusion?

3. If Mid-Century had no liability under its policy at the time of the happening of the accident, did it make itself liable by filing a certificate of financial responsibility on form SR–21?

4. In any event would defendant be liable for more than the limits specified in the Motor Vehicle Responsibility Law?

5. Would a coverage compelled, if it is compelled by the Motor Vehicle Responsibiltiy Law, carry with it a duty to defend an insured who is excluded from coverage by the terms of the policy itself?

A decision in this case is of some importance because it will affect the interpretations of most of the standard form insurance policies in force in Montana. The questions involved are purely local; they arise under the Montana statutes and can be most authoritatively resolved by the Supreme Court of Montana.

The Supreme Court of Montana, the ultimate guardian of the law of Montana, has recognized that there is a need for authoritative interpretations of local law under some circumstances, and in January, 1967, the court amended its own rules to provide a mechanism whereby some state questions pending in the federal court might be answered by the Montana Supreme Court.[3] For the purpose of complying with Rule 1 of the Rules of the Supreme Court of Montana, as amended January 31, 1967, the court does hereby certify that the questions herein presented are controlling in this litigation and are questions of Montana law; that the adjudication of them by the Montana Supreme Court will materially advance ultimate termination of this federal litigation and will result in an authoritative adjudication of questions as to which there is substantial ground for difference of opinion.

It is ordered that the plaintiff forthwith commence in the Supreme Court of the State of Montana a declaratory judgment action as prescribed by Rule 1 of the Rules of the Montana Supreme Court presenting to the court the problems herein posed; that all further proceedings herein be stayed pending a determination of the questions herein posed by the Supreme Court of Montana, or until the Supreme Court of Montana has refused to entertain jurisdiction of such declaratory judgment action.

against loss from liability imposed by law for damages arising out of the ownership, maintenance or use of such motor vehicle." § 53–438, R.C.M.1947.

3. "[W]henever in an action pending in a United States court it shall appear that there is a controlling question of Montana law as to which there is a substantial ground for difference of opinion, a party to such action may institute suit in the Montana Supreme Court for a declaratory judgment or decree, and, if the judge of the United States court wherein the action is pending shall certify that the question upon which adjudication is sought is controlling in the federal litigation and the adjudication by the Montana Supreme Court will materially advance ultimate termination of the federal litigation, a declaratory judgment or decree may be rendered. Rendition of a declaratory judgment or decree is discretionary with the Montana Supreme Court, and it may refuse to render such a judgment or decree if it appears that there is another ground for determination of the case pending in the United States court, or if the question for adjudication is not clearly defined, or if the question is not adequately briefed or argued." (Rule 1 of the Rules of the Montana Supreme Court.)