**Doris LEWIS, Appellant and Cross-Appellee,**

v.

**MID–CENTURY INSURANCE COMPANY, Appellee and Cross-Appellant.**

**Nos. 24658, 24659.**

United States Court of Appeals, Ninth Circuit.

Aug. 4, 1971.

Paul G. Olsen (argued), Donald R. Herndon, of Jones, Olsen & Christensen, Billings, Mont., for appellant.

Bruce R. Toole (argued), of Crowley, Kilbourne, Haughey, Hanson & Gallagher, Billings, Mont., for appellee.

Jardine, Stephenson, Blewitt & Weaver, Great Falls, Mont., for third-party defendant American Cas. Co.

Before HAMLIN, MERRILL and ELY, Circuit Judges.

ELY, Circuit Judge:

On February 22, 1963, Darlene Tafolla was killed in an automobile accident. At the time, she was a passenger in a vehicle owned by one Stulc and being driven by her husband, Duane Tafolla. There was then an existing automobile

452

accident indemnity contract between Duane Tafolla and the appellee-cross-appellant Mid-Century. The appellant-cross-appellee Lewis, as Guardian of the deceased's minor children, filed suit for the alleged wrongful death of Darlene Tafolla in a Montana state court. As against Stulc, the suit was settled. Mid-Century refused to defend the suit as against Duane Tafolla, its insured, he personally employed counsel to represent him, the state court trial was conducted, and Lewis was awarded, in her representative capacity, a judgment of approximately $90,000. Thereafter, Lewis filed her action in the District Court, undertaking to recover the full amount of the state court judgment from Mid-Century. In this suit she contended (1) that under the terms of the contract between Mid-Century and Duane Tafolla Mid-Century was obligated to indemnify Tafolla to the extent of the provided coverage limits ($25,000 for each person and $50,000 for each occurrence) and (2) that it had breached its contract to afford Tafolla with a defense in the state court action and, hence, was obligated to satisfy the whole judgment.

The District Court, 278 F.Supp. 238, held the suit in abeyance, requiring Lewis to seek a declaratory judgment in the Montana state courts. A suit for such was instituted and eventually resulted in an opinion of the Supreme Court of Montana. Lewis v. Mid-Century Ins. Co., 152 Mont. 328, 449 P.2d 679 (1968). That court held that Mid-Century was under no liability to indemnify its insured for the liability imposed upon him by the state court judgment. At the same time, in a portion of its opinion which was eliminated following Mid-Century's petition for rehearing, it held that Mid-Century should have afforded a defense to its insured in the state suit.

Following the decision of the Montana Supreme Court, the District Court disposed of the action which had been held in abeyance there. Undertaking to apply Montana's law, the District Court concluded: (1) that under a clear and unambiguous exclusionary clause of the Mid-Century—Tafolla indemnity contract, Mid-Century was under no obligation to indemnity, to any extent, Tafolla for the liability imposed by the state court judgment;[1] (2) that with respect to the obligation of Mid-Century to afford its insured with a defense, the contractual provisions were ambiguous, should therefore be resolved in favor of the insured, and that Mid-Century had improperly failed to comply with its obligation to defend its insured in the state court action; and (3) that because of Mid-Century's failure to provide the required defense it was liable to its insured for the cost of the defense for which he himself had arranged, $1850, plus interest. Both Mid-Century and Lewis have appealed.

We have concluded that the judgment of the District Court should be affirmed in its entirety. On the critical issue of coverage the district judge had the benefit of the clear guidance of the Supreme Court of Montana. He had also been made aware of that court's inclination with respect to the question of Mid-Century's obligation to defend its insured, even though the Montana court modified its original expression concerning that issue. It is clear, however, that the modification occurred, not because the court had retreated from its previously expressed view on the merits of the issue, but only because it had determined on reconsideration that the issue was not truly before it. It is true that the District Court held that there was an obligation to defend upon the basis of its finding of ambiguity in the contract and not upon the original expression of Montana's high court. The majority of this court, however, shares the District Court's view that the con-

1. The contract provided, *inter alia*, "THIS POLICY DOES NOT APPLY * * * to the liability of any insured for bodily injury to * * * any member of the same household of such insured except a servant * * *." The deceased wife lived with the insured and was, of course, a member of his household.

tractual terms relating to the obligation to defend were so sufficiently ambiguous that they should be resolved in favor of the insured.

■ Finally, then, there is the question of the extent of Mid-Century's liability for the breach of its obligation to provide the insured with defending counsel in the state court suit. We are in unanimous agreement that the District Court resolved this question correctly. In our judgment it would be manifestly wrong to hold the insurer liable to the appellant Lewis for the full amount of the state court judgment, even beyond the prescribed contractual limits of coverage, merely because it, in good faith, mistakenly believed that it had no obligation to defend its insured in a suit in which in the event of a judgment against him, it was obviously protected by the terms of the contract against any obligation for indemnification. The appellant Lewis heavily relies upon Gray v. Zurich Ins. Co., 65 Cal.2d 263, 54 Cal. Rptr. 104, 419 P.2d 168 (1966). Assuming the correctness of that decision, it is clearly distinguishable from the case at hand. In *Gray* the contract required the insurer to defend "even if the allegations [in a suit against the insured] are groundless, false or fraudulent." In the contract before us there is no such broad provision.

As all know, the District Court, confronted with this diversity action, was required to apply its interpretation of Montana's law. It has been often written that we, in reviewing such decisions, should accord much deference to the opinion of a district judge sitting in the state whose laws he undertakes to apply.[2] *See, e. g.*, Turnbull v. Bonkowski, 419 F.2d 104, 106 (9th Cir. 1969); Owens

v. White, 380 F.2d 310, 313 (9th Cir. 1967).

The opposing parties shall bear their own costs in connection with both the appeal and the cross-appeal.

Affirmed.

---

2. It is principally this consideration which has induced the writer to join in the whole of this court's opinion. At the same time, he records his view that were he empowered to arrive at his own independent conclusion, he would hold that under the terms of the contract in ques-

tion, Mid-Century was correct in its position that it had no obligation to defend a suit wherein there was no possibility that it could have been required to indemnify its insured for any judgment against him in that suit.