## RICHARD L. DIAS *v.* CLARA KAMALANI.

### NO. 2849.

ARGUED JUNE 5, 1952.                    DECIDED JULY 16, 1952.

TOWSE, C. J., LE BARON AND STAINBACK, JJ.

OPINION OF THE COURT BY LE BARON, J.

This is an action in tort brought by the plaintiff against the defendant for damages suffered by the plaintiff in a collision between his automobile and the automobile of the defendant while it was being negligently driven by a third party in the absence of the defendant. The theory of the amended complaint on which any liability of the defendant depends is predicated on the doctrine of common or joint enterprise whereby the negligence of one joint adventurer is imputable to the others. At the close of trial the defendant made a motion for a directed verdict which was denied. After the cause was submitted on the issue of common or joint enterprise the jury returned a verdict against the defendant. Defendant then made a motion for judgment *non obstante veredicto* which was denied. Like disposition was made of her subsequent motion for a new trial. Judgment was entered in accordance with the verdict and from that judgment the instant writ of error is sued.

Of the defendant's thirty-six assignments of error and specification of thirteen errors only those challenging the denials of her motions for a directed verdict and for judgment *non obstante veredicto* need be considered for the purpose of this opinion. They present but one question of law. That question is whether there is sufficient evidence to have justified submission of the case to the jury on the issue of common or joint enterprise, or whether on that issue the evidence is sufficient to support the verdict.

The pertinent facts of the case are not in dispute. The defendant, the third party, three other adults and two minor children rode in the defendant's automobile to the beach for a pleasure trip and outing at the suggestion of one of the other adults who, as a licensed driver of the defendant's choice, drove the automobile with the defendant's consent and, without prearrangement, purchased oil and gas for it on the way. Neither the defendant nor the third party was a licensed driver. When the party arrived at the beach, the defendant and one of the adults left the automobile and dispersed along the beach to gather seaweed. The same adult who had driven the automobile to the beach then drove it with the rest of the group further along the beach and parked it. He left the automobile and went fishing with a net. The third party left with him to watch him fish. The other adult remained in the automobile with the children. While fishing, the adult who had driven the automobile requested and prevailed upon the third party to drive it back and pick up the defendant and the other adult who were gathering seaweed. On being so requested and prevailed upon, the third party drove the automobile but before he reached his destination the collision with the plaintiff's automobile occurred. At the time of the collision the defendant obviously was not an occupant of the automobile. Nor did she even know that the third party was driving her automobile until it approached her and she saw him in it immediately before the collision.

The rights and liabilities of members of a joint enterprise are governed, in general, by rules which are similar or analogous to those which govern the corresponding rights and liabilities of members of a partnership, except as they are limited by the fact that the scope of a joint enterprise is narrower than that of the ordinary partnership. (*Eastern Iron and Metal Co.* v. *Patterson,* 39 Haw. 346.) The

scope of a joint enterprise in connection with the operation of automobiles is usually confined to a motor trip and no broader than the common objects and purposes being subserved by that trip. Within the meaning of the law of negligence as it affects the liabilities of joint adventurers and the rights of third persons, the doctrine of joint enterprise whereby the negligence of one member is imputable to the others rests upon the relationship of agency of one for the other. The test of mutual agency as the basis of imputed negligence under the doctrine in such a situation is whether there was a joint enterprise in controlling, directing and governing the operation of the automobile and not merely a joint interest in the objects and purposes of the trip. (See *Parker* v. *Ullom,* 84 Colo. 433, 271 Pac. 187; *Carboneau* v. *Petersen,* 1 Wash. [2d] 347, 95 P. [2d] 1043.) The creation and existence of a relationship of common or joint enterprise in the operation of an automobile, however, depends upon the intent of the parties in making the contract or agreement, for there must be a contract no matter how informal it may be. (See *Manos* v. *James,* 7 Wash. [2d] 695, 110 P. [2d] 887, 890; *Rosenstrom* v. *North Bend Stage Line,* 154 Wash. 57, 280 Pac. 932.) Hence, a joint enterprise is not a status created or imposed by law but a relationship voluntarily assumed and arising wholly *ex contractu.* The contract must be such as to give to the parties "an equal right to direct and control the conduct of the others concerning the acts or omissions which contributed to cause the injury." (*Caron* v. *Lynn Sand & Stone Co.,* 270 Mass. 340, 347, 170 N. E. 77, 80; Berry, *Automobiles,* 7th ed., c. 36, § 5.143, p. 191; *Cunningham* v. *City Of Thief River Falls,* 84 Minn. 21, 86 N. W. 763; *see* 16 Minnesota Law Review 717 for collection of cases.) This court laid down the same rule in *Wong* v. *McCandless,* 31 *Haw.* 750, 762 when it quoted with approval language from 45 Corpus Juris, section 588, page 1031, as follows: "To

constitute occupants of a conveyance joint adventurers, there must be not only joint interest in the objects and purposes of the enterprise, but also an equal right, express or implied, to direct and control the conduct of each other in the operation of the conveyance." Thus, although the courts are far from unanimous it is generally held that the existence of a common purpose and an element of joint control, as correlative with common responsibility for negligence, must either be clearly apparent from the agreement of the parties or result as a logical or necessary conclusion from the facts. (See *Coleman* v. *Bent,* 100 Conn. 527, 124 Atl. 224.) Joint use or possession is ordinarily one of the factors in determining the existence of the essential element of joint control and underlies the concept of joint enterprise as applied by the courts in determining the rights and liabilities of occupants of automobiles in claims arising from their negligent operation under the doctrine of common or joint enterprise as a phase of the doctrine of imputed negligence. Moreover, joint control in such cases is more readily inferable where the trip is for a business venture than where it is for a pleasure venture, since in the latter situation it is more difficult to raise a relationship higher than one of host and guest. The control in this sense, however, cannot mean actual physical control, for the courts fully recognize the necessity that the operation of an automobile be in the hands of the driver free from the distracting attempts of fellow occupants to intervene in the management of its operation. It is suffcient, therefore, if there be only a common right to control in the automobile's operation, but that right must clearly exist under the express or implied contract or agreement of the parties. Nor is it material that such right, when established, is not exercised by a particular occupant who may or may not have learned to drive. (See *Murphy* v. *Keating,* 204 Minn. 269, 283 N. W. 389; *Miles* v. *Rose,* 162 Va. 572, 175 S. E.

230.) The difficulty is that the courts rarely provide a guide as to just what constitutes such right of control, although they uniformly consider that any occupant to be deemed in joint enterprise with the driver must have some voice and right to be heard in the control and management of the automobile so as to make it the subject of common command. It is therefore necessary to consider the relation between the parties sought to be placed in joint enterprise with each other and their activities from the inception of the venture in order to determine the two requisites: common purpose and joint control. Each case must, of necessity, rest on its own facts. (For exhaustive collection of authorities see 48 A. L. R. 1077; 63 A. L. R. 921; 80 A. L. R. 312; Blashfield, *Cyclopedia of Automobile Law and Practice,* perm. ed., vol. 4, pt. 1, § 2372, p. 492.)

In applying these principles to the facts of this case, it is apparent that the relation of common or joint enterprise at no time existed between the defendant and the third party from the inception of the trip to the beach up to and including the accident in which the plaintiff was injured on the third party's side trip at the beach. During the trip to the beach the defendant, the third party and three other occupants sat in the back seat and the other two occupants sat in the front seat. Neither the defendant nor the third party was in any position to assume control of the operation of the automobile or to act for the other in controlling, directing and governing its operation while it was being driven by a qualified driver of the defendant's choice, as it was throughout the trip. Consistent with these circumstances, the evidence is undisputed that the third party merely went for the ride as a guest of the defendant. Nor were their activities and association anything more than social or above the level of a host and guest relationship. No reasonable inference arises from any fact or circumstance or from any combination of facts and circumstances

in this case that the defendant and the third party undertook any contractual obligation to be chargeable for the negligence of each other. Nor is there the remotest suggestion of the existence of any contract which gave an equal right to direct and control each other's conduct in respect to the operation of the automobile on the trip to the beach. Obviously, there is even less indication of such a contract with respect to the side trip at the beach when the third party, in the absence of the defendant and without her knowledge, drove the automobile and negligently caused the injury to the plaintiff.

At the crucial time of collision and injury the automobile of the defendant was not a subject of common command, in so far as the defendant was concerned. She and the third party were entirely disassociated from each other's company and their separate activities obviously were not those of joint adventurers. Each was acting independently of the other, one walking along the beach and the other driving the automobile in exclusive control of its operation. No mutual agency or other basis exists for the rule of joint enterprise in negligent cases. Thus the essential, and perhaps the primary, element of joint control is completely lacking under the facts of this case, there being not even a scintilla of evidence reasonably tending to present an issue of, much less to prove, a common or joint enterprise between the defendant and the third party in controlling, directing and governing the operation of her automobile at the time of the collision or at any other time. In correlation, a mere joint interest in the objects and purposes of the trip to the beach does not suffice to invoke the doctrine of common or joint enterprise. Nor does a mere common purpose to enjoy the varied advantages of a pleasure outing at the beach, including the ordinary ones of fishing, gathering seaweed and swimming. The question as to the sufficiency of the evidence is answered in the negative.

Judgment reversed and cause remanded below with instructions to enter a new judgment against the plaintiff and in favor of the defendant consistent with this opinion.

*H. W. Conroy* (*M. B. Henshaw* with him on the briefs) for plaintiff in error.

*A. K. Trask* (also on the brief) for defendant in error.