Henry BELLON, Appellant,

v.

Arthur W. HEINZIG et al., Appellees.

No. 19558.

United States Court of Appeals
Ninth Circuit.

June 4, 1965.

Leo J. Kottas, Helena, Mont., for appellant.

Leonard H. Langen, Glasgow, Mont., for appellees.

Before HAMLEY, MERRILL and BROWNING, Circuit Judges.

BROWNING, Circuit Judge:

Appellant Bellon was injured in a collision between his farm truck and a tractor-trailer rig driven by appellee Heinzig. Bellon was attempting to make a left turn; Heinzig was attempting to pass Bellon. The district court, sitting without a jury, found both were negligent.

Heinzig was found to be negligent in "attempting to pass in a no-passing zone, clearly marked by a solid yellow line," in violation of section 32–2157, Revised Codes of Montana, 1947. He has not appealed.

The findings as to Bellon's negligence were as follows:

"(14) Prior to commencing to turn left to cross Highway No. 2 on to the Davis approach, defendant Bellon did not look into his rearview mirror or take any other precaution to ascertain that the turn could be safely made. The first thing which indicated the presence of the tractor-trailer to Bellon was the sound of its air horn, blown immediately before impact. Had Bellon maintained a proper lookout he would have observed plaintiff's truck approaching from the rear and traveling in the southerly [left] lane of traffic for a considerable distance prior to plaintiff's turn to the left across the highway.

(15) The defendant Bellon was negligent (1) in failing to maintain a proper lookout to the rear before turning to the left across Highway No. 2 and (2) in turning across the Highway to the left to the Davis approach when he could not do so with reasonable safety."

The relevant "conclusion of law" is a restatement of finding 15.

Bellon attacks the findings and conclusion on three grounds.

I

Section 32–2171, Revised Codes of Montana, 1947, provides that a driver intending to turn left shall yield the right of way to any vehicle approaching from the opposite direction. Section 32–2157 prohibits driving on the left side of the roadway within a no-passing zone. Bellon argues that since section 32–2171 required him to maintain a lookout to the front, and since he had the right to assume that Heinzig would abide by section 32–2157 and not attempt to pass in a no-passing zone, the court erred in holding that Bellon was negligent in not looking to the rear before turning left.

Section 32–2171 does not purport to catalog all the rights and duties of a driver intending to turn left. A statutory provision of this sort, requiring that the right of way be yielded to oncoming traffic, does not negative the existence of an additional duty to maintain a proper lookout for vehicles approaching from the rear. Auger v. Rofshus, 267 Minn. 87, 125 N.W.2d 159, 161 (1963).

Section 32–2167, Revised Codes of Montana, 1947, provides: "No person shall * * * turn a vehicle to enter a private road or driveway, or otherwise turn a vehicle from a direct course or move right or left upon a roadday unless and until such movement can be made with reasonable safety * * *" The district court interpreted section 32–2167 as imposing an affirmative duty upon Bellon to maintain a proper lookout to the rear as well as to the front before making a left turn. Other courts have construed similar statutes in the same way. Werner Transp. Co. v. Zimmerman, 201 F.2d 687, 692 (7th Cir. 1953); Wood-

man v. Knight, 85 Idaho 453, 380 P.2d 222 (1963); Voight v. Nyberg, 218 Or. 383, 345 P.2d 821, 825 (1959); Scott v. Gilbertson, 2 Wis.2d 102, 85 N.W.2d 852, 855 (1957); Alex v. Jozelich, 248 Minn. 27, 78 N.W.2d 440, 445 (1956).[1] This is the general common-law rule. Crouse v. United States, 137 F.Supp. 47, 49–50 (D.Del.1955); Myers v. Searcy, 356 S.W.2d 59, 62–63 (Mo.1962).[2] It was entirely reasonable for the district court to conclude that the Supreme Court of Montana would so construe section 32–2167.[3]

 Bellon was not absolved from his duty to maintain a proper lookout to the rear by the fact that he was making a left turn at a place on the highway where no vehicle could overtake and pass him without violating the law. The Supreme Court of Montana has recognized the general rule that a driver is entitled to assume that other drivers will proceed in a lawful manner (Cowden v. Crippen, 101 Mont. 187, 53 P.2d 98, 104 (1936)); but it has also noted that the rule is subject to the qualification that one is never excused from exercising ordinary care, and may not assume that another will obey the law when in the exercise of ordinary care it would be apparent that the other will not. Jessen v. O'Daniel, 136 Mont. 513, 349 P.2d 107, 113 (1960). In a case like the present, in which the court found that had Bellon looked he would have seen Heinzig in the left lane approaching to pass (finding 15, supra), the qualification to the general rule would seem to leave the question precisely as it stood at the outset: Does ordinary care require a driver to look to the rear when he is preparing to turn left, even though he is in a no-passing zone? It has been held that it does (Myers v. Searcy, 356 S.W.2d 59 (Mo. 1962); Clark v. Summer, 72 So.2d 375, 377–378 (Fla. 1954); see also Owens v. Kuro, 56 Wash.2d 564, 354 P.2d 696, 701–702 (1960)), and we are not aware of any contrary holdings.

 The district court arrived at the same result by reasoning that section 32–2167, which imposes the duty upon the turning driver to determine that the turn can be safely made, makes no exception for the case of the lawless passer. We cannot say that the district court was clearly wrong in concluding that the Supreme Court of Montana would not create an exception to the duty imposed by statute upon left-turning drivers, particularly in view of the high risk involved in

1. Sections 32–2167 and 32–2171 are substantially the same as §§ 11–604(a) and 11–402, respectively, of the Uniform Vehicle Code. The following comment regarding § 11–402 of the Uniform Code appears in 1964 Traffic Laws Annual:

"North Dakota also amended a law in verbatim conformity with UVC § 11–404 [see also R.C.M.1947, § 32–2173] to require the driver of a vehicle intending to turn left to enter a private road or driveway to yield the right of way to all vehicles approaching from the opposite direction on the highway *and to any vehicle then in the left-hand lane that is overtaking or about to overtake the vehicle intending to so turn.* Although UVC § 11–402 does not contain a provision requiring drivers intending to turn left * * * to yield to overtaking vehicles, the amended North Dakota laws are in substantial conformity with the Code. See UVC § 11–604(a) providing that all turns shall be made only if such movement can be made with reasonable safety. N.D.Cent Code §§ 39– 10–23, –25, * * *." 1964 Traffic Laws Annual 416.

2. Contrary decisions (e. g., Scott v. Gilbertson, 2 Wis.2d 102, 85 N.W.2d 852, 855 (1957)) fail to recognize the significance of the fact that the front vehicle is making a turn. Dallas Transit Co. v. Young, 370 S.W.2d 6, 10 (Tex. Civ. App. 1963).

3. The district court's considered view as to the law of the state in which it sits is entitled to great weight, and will be accepted on review unless shown to be clearly wrong. People of State of California v. United States, 235 F.2d 647, 653–654 (9th Cir. 1956); Loye v. Denver United States Nat'l Bank, 341 F. 2d 402, 404 (10th Cir. 1965); Glenn v. State Farm Mut. Auto. Ins. Co., 341 F.2d 5, 9 (10th Cir. 1965); See also Huddleston v. Dwyer, 322 U.S. 232, 237, 64 S.Ct. 1015, 88 L.Ed. 1246 (1944); Gumataotao v. Gov't of Guam, 322 F.2d 580, 582 (9th Cir. 1963).

making left turns from the right lane, and the commonness with which rules of the road relating to passing are violated.

## II

Bellon's second contention is that the district court's reading of section 32–2167 imposed an absolute duty upon the turning vehicle to make the turn in safety, whereas the Supreme Court of the State of Montana has followed the California courts in interpreting an identical statute "to mean that the person turning does not need to know with absolute certainty that it is safe, but merely that he must take reasonable precautions before turning." Holland v. Konda, 142 Mont. 536, 385 P.2d 272, 275 (1963).[4]

Bellon's argument is based upon the district court's statement that "Section 32–2167, supra, places an *affirmative* duty on the person turning to determine that the turn 'can be made with reasonable safety.' Bellon clearly failed to comply with this requirement." (Appellant's emphasis.)

This was the district court's reply to Bellon's argument that he had a right to assume that no one would attempt to pass him in a no-passing zone. The court was simply stating that the obligation which section 32–2167 imposes upon a turning vehicle to maintain a lookout to the rear cannot be avoided by reliance upon the presumption, since no such exception is found in the statute. Thus, the district court went on to distinguish Cowden v. Crippen, supra, 53 P.2d 98, (in which the presumption was applied), on the ground that in Cowden the accused vehicle was proceeding in a normal manner on its own side of the road and was not making a turn, a situation to which section 32–2167 would not apply, and in which the driver would have no duty to maintain a lookout to the rear. See note 1 and related text.

## III

Bellon argues that, in any event, he exercised reasonable care in

that he put on his signal lights, looked to the rear two hundred feet from the point at which he turned left and saw nothing, and that a reasonably prudent man would have used the few seconds which remained before it was time to turn to look ahead, rather than behind. Suffice it to say that there was substantial evidence conflicting with Bellon's version of the accident, and the trial court was not compelled to accept his testimony.

Judgment affirmed.

4. See also Crouse v. United States, 137 F.Supp. 47, 49 (D.Del.1955).