The **MINNESOTA MUTUAL LIFE IN-SURANCE COMPANY, etc.,**
Appellant,

v.

**John LAWSON, Appellee.**

No. 21265.

United States Court of Appeals
Ninth Circuit.

May 25, 1967.

F. Lee Campbell, Karr, Tuttle, Campbell, Koch & Granberg, Seattle, Wash., Dougherty, Rumble & Butler, St. Paul, Minn., for appellant.

Ralph C. Hove, Arnold J. Barer, Wettrick, Toulouse, Lirhus & Hove, Seattle, Wash., for appellee.

Before BROWNING, DUNIWAY, and ELY, Circuit Judges.

PER CURIAM:

Appellant appeals from a judgment awarding appellee the face amount of a policy payable if the insured is "totally disabled by bodily injury or disease and presumably will be permanently prevented thereby for life from pursuing any occupation for remuneration or profit."

Appellant contends that the district court erred in construing this language as allowing recovery if appellee showed inability to engage in any occupation similar or comparable to that of his occupation as a flight engineer, or any occupation for which he was capable of fitting himself within a reasonable time which would allow him to earn an income rising to the dignity of a livelihood.

 The parties agree that we are to look to the law of the State of Minnesota. In Wright v. Minnesota Mut. Life Ins. Co., 195 F.Supp. 524, 525–526 (1961), affirmed 312 F.2d 655 (8th Cir. 1963), the United States District Court for the District of Minnesota construed the same policy as the trial court in this case construed it. "The district court's considered view as to the law of the state in which it sits is entitled to great weight, and will be accepted on review unless shown to be clearly wrong." Bellon v. Heinzig, 347 F.2d 4, 6 n. 3 (9th Cir. 1965). Appellant has failed to demonstrate that the view of Minnesota law stated by the District Court of the District of Minnesota was "clearly wrong."

Appellant also challenges the trial court's finding that appellee was unable to fit himself for any occupation which would allow him to earn an income rising to the dignity of a livelihood. Taking the record as a whole we cannot say this finding was clearly erroneous.

The judgment is affirmed.