**William Neil TURNBULL, Appellant,**

v.

**Josephine BONKOWSKI and Leonard King, Appellees.**

**No. 22615.**

United States Court of Appeals
Ninth Circuit.

Nov. 24, 1969.

Rehearing Denied Dec. 18, 1969.

Michael A. Stepovich (argued), Fairbanks, Alaska; Vincent J. Biskupic and Frank J. Merrill, Oak Brook, Ill., for appellant.

Charles J. Clasby (argued), Fairbanks, Alaska, for appellees.

Before BARNES, ELY, and HUFSTEDLER, Circuit Judges.

ELY, Circuit Judge:

This appeal is from a summary judgment granted by the District Court upon its conclusion that the action of the appellant, plaintiff below, was barred by the statute of limitations. The jurisdiction of the District Court rested upon diversity of citizenship and the requisite amount in controversy, 28 U.S.C. § 1332, and the correctness of the challenged judgment depends upon the application of Alaska's law.

The complaint was filed in Illinois, where the plaintiff is a resident, and thereafter transferred to the District of Alaska. The date of the filing was January 25, 1966, the twenty-first anniversary of the plaintiff's birth. The complaint set forth a tort claim, alleging that on June 15, 1956, when the plaintiff was eleven years of age, the defendant-appellees tortiously conducted themselves

in a manner which proximately caused personal injury to the plaintiff. Under Alaska's law, the claimant attained his majority at the age of nineteen years, and until that time, of course, the running of the controlling statute of limitations was tolled. This is specifically provided by the Alaskan Code of Civil Procedure, Alaska Stat.Ann., tit. 9, ch. 10, § 140 (Michie 1962), and the same statute adds, "But the period within which the action may be brought is not extended in any case longer than two years after the disability ceases."

The District Court held that the appellant reached the age of nineteen on January 24, 1964, the day before the nineteenth anniversary of his birth and that his action was thus filed more, by one day, than two years after the termination of his disability. All parties agree that, as to the point, the common law controls, absent its modification by Alaska.[1]

■ Beyond doubt, the District Court's conclusion is soundly based upon the common law. *See* especially Nelson v. Sandkamp, 227 Minn. 177, 34 N.W.2d 640, 5 A.L.R.2d 1136 (1948); People v. Dudley, 53 Cal.App.2d 181, 127 P.2d 569 (1942). The logic of the common law rule is apparent. Since one is in existence on the day of his birth, he is, in fact, on the first anniversary of his birth, of the age of one year plus a day or some part of a day. The appellant did, then, reach the age of nineteen years on the day before the nineteenth anniversary of his birth, and he instituted his suit more than two years thereafter.

■ The appellant's only contention in our court, as it was in the court below, is that Alaska has modified the common law, in its application to this case, by the adoption of a statute pertaining to computation of time, Alaska Stat.Ann., tit. 1, ch. 10, § 80 (Michie

1962), which reads: "The time in which an act provided by law is required to be done is computed by excluding the first day and including the last, unless the last day is a holiday, and then it is also excluded." The fallacy of appellant's argument is, as we see it, that the quoted statute, even if applicable, did not come into play until the time when the appellant reached the age of nineteen. Until then, the claimant was required to do nothing to protect his right. And, by the specific statutory provision which prescribed, precisely, the period within which he was required to file his action after the termination of his disability, he had only two years after January 24, 1964, within which to do so. That two-year period expired on January 24, 1966, a day which was not a holiday. The Supreme Court of Minnesota, in Nelson v. Sandkamp, *supra*, analyzing a computation-of-time statute like that of Alaska, declared:

"Our computation-of-time statute, * * * is but declaratory of the general common-law rule. * * * A declaratory or expository statute is one which has been enacted in order to put an end to a doubt as to what is the common law—or the meaning of another statute—and which declares what it is and ever has been. Clearly [the computation-of-time statute] is expressive of only the general common-law rule and does not presume to abrogate the well-established exception thereto governing the computation of a person's age. * * * It follows that [the statute] has no application in calculating a person's age."

227 Minn. at 179–180, 34 N.W.2d at 642 (footnote omitted).

There is one Alaska authority which teaches that Alaska's computation-of-time statute also merely expresses the common law. In Lowe v. Hess, 10 Alas-

---

1. *"Applicability of common law:* So much of the common law not inconsistent with the Constitution of the State of Alaska or the Constitution of the United States or with any law passed by the legislature of the State of Alaska is the rule of decision in this state." Alaska Stat.Ann., tit. 1, art. 1, § 10 (Michie 1962).

**106**

ka 174 (1941), the court examined section 3275, Compiled Laws of Alaska (1933). That section contained language which is identical, for our purposes, to that now appearing in Alaska's present computation-of-time statute. The court declared that the predecessor statute merely codified the common law. *Id.* at 181. The fact that Alaska was a territory, rather than a state, when the holding was made should not diminish the respect which we should accord to an Alaska court's interpretation of Alaska's law in this diversity case. If the computation-of-time statute is merely declaratory of the common law, as said by the Alaska court, then it cannot be interpreted so as to abrogate or modify the undeniable common law rule as to when, with respect to the anniversary date of his birth, one attains a given age.

■ It is argued that affirmance of the judgment of this case will inject confusion into other areas of Alaska's law, including questions as to the exact time when one becomes eligible to vote, when he may legally consume intoxicants, and when he may enter into binding contractual arrangements. This is possibly true, but the problems, if any, which attend such collateral matters, more appropriately should invite the concern of Alaska's lawmakers. Our judgment must be governed solely by the application of Alaska's existing law as we are now best able to perceive it. Curry v. Fred Olsen Line, 367 F.2d 921, 924 (9th Cir.1966).

We regret that we have been compelled to make the first appellate determination on such a narrow issue pertaining to Alaska's law. We sought to avoid it, believing that lest our judgment should eventually prove to be mistaken, the Supreme Court of Alaska should have had the first opportunity to resolve the issue. During oral argument we inquired of counsel as to whether there existed any avenue by which we might seek and obtain guidance from Alaska's high court. Counsel for the parties agreed that it would be desirable that we have such

guidance, and they represented that they would make joint inquiry to ascertain if the Supreme Court of Alaska would, if invited by our court to do so, supply us with its advisory opinion on the point. Subsequently, we have been informed by letter that in response to inquiry, the Chief Justice of Alaska's Supreme Court has communicated with counsel and orally represented "that under [Alaska's] constitution and the present statutes creating and empowering our Supreme Court it was not possible for this court to answer and determine questions certified to it by the U. S. Court of Appeals for the Ninth Circuit." Accordingly, we have proceeded with the performance of the duty which now rests upon us alone.

■ We think our result is compelled by all existing precedent and, moreover, we are influenced by the deference which we should accord to the conclusion of the district judge as to the law of the state wherein he sits. Owens v. White, 380 F.2d 310, 313 (9th Cir.1967). "This requirement is especially significant where there has been, as here, no clear exposition of the controlling principle by the highest court of the particular state." Insurance Company of North America v. Thompson, 381 F.2d 677, 681, 25 A.L.R.3d 1378, 1385 (9th Cir. 1967). "[The District Court's] determination 'will be accepted on review *unless shown to be clearly wrong.*' Minnesota Mutual Life Insurance Company v. Lawson, 377 F.2d 525 (9th Cir.1967); Bellon v. Heinzig, 347 F.2d 4 (9th Cir. 1965). (Emphasis supplied.) See Propper v. Clark, 337 U.S. 472, 486, 69 S.Ct. 1333, 93 L.Ed. 1480 (1949)." Owens v. White, *supra* at 315.

Here, although it may be proved by some future decision of an Alaska court that the District Court was wrong in its resolution of the problem, the appellant's argument, though forceful and ably made, does not convince us that the District Court was *clearly* wrong.

Affirmed.