### 19176

Arelia LOLLAR, Appellant, v. Harold K. DEWITT, Respondent

(179 S. E. (2d) 607)

*Messrs. James P. Harrelson,* of Walterboro, and *Mur-daugh, Eltzroth & Peters,* of Hampton, *for Appellant,*

*Messrs. Jefferies, McLeod, Unger & Fraser,* of Walterboro, *for Respondent,*

February 26, 1971.

Moss, Chief Justice.

Arelia Lollar, the appellant herein, instituted this action for personal injuries sustained when the mule-drawn wagon upon which she was riding on a public highway was struck from the rear by an automobile operated by Harold K. Dewitt, the respondent herein. It is alleged that the respondent

operated his automobile in a careless and reckless manner causing the injuries to the appellant.

The answer of the respondent contained a general denial and by way of a fourth defense alleged appellant's husband, the driver of the wagon, was contributorily negligent and reckless and sought to impute such negligence and recklessness to her under the family purpose and joint enterprise doctrines, thereby barring any recovery by her.

This case came on for trial at the 1967 April Term of the Court of Common Pleas for Colleton County, before the Honorable Clarence E. Singletary, presiding judge, and a jury, and resulted in a verdict in favor of the respondent.

At appropriate stages of the trial the appellant moved to strike the fourth defense from the answer on the ground that the family purpose and joint enterprise doctrines were not applicable under the factual showing made. This motion was denied and the jury was charged as to the family purpose and joint enterprise doctrines. Following the verdict the appellant moved for a new trial for the reason, *inter alia,* that the trial judge should have granted the motion to strike the fourth defense upon the ground stated and, therefore, should not have charged imputed negligence.

It is agreed that on November 2, 1964, this being the day of the collision, the appellant, her husband and a foster son had gathered wasted corn on the farm of a neighbor. They were to receive one-half of the corn for gathering it. At the end of the day the appellant and her husband were proceeding towards their home, the wagon being loaded with corn. The husband was driving the mule and the appellant was riding on the top of the corn in the wagon. The husband testified that he owned the mule and wagon and he identified the persons from whom he had purchased such. However, on cross examination, when questioned as to the ownership of the "wagon and other stuff", he replied "I feel like we own everything I have together, we worked for it," and that "I feel like anything that I work for and take home

that it's me and hers because we worked together." He further testified, "I feel like everything I take home that my wife should have something to do with it if it was mine."

The family purpose doctrine has been adopted in this state. Basically, under this doctrine, where the head of the family owns, furnishes and maintains a vehicle for the general use, pleasure and convenience of the family, he is liable for the negligence of a member of the family having general authority to drive it while the vehicle is being so used. *Davis v. Littlefield,* 97 S. C. 171, 81 S. E. 487; *Mooney v. Gilreath,* 124 S. C. 1, 117 S. E. 186; *Burbage v. Curry,* 127 S. C. 349, 121 S. E. 267; *Hewitt v. Fleming,* 172 S. C. 266, 173 S. E. 808; *Norwood v. Coley,* 235 S. C. 314, 111 S. E. (2d) 550; *Porter v. Hardee,* 241 S. C. 474, 129 S. E. (2d) 131, and *Reid v. Swindler,* 249 S. C. 483, 154 S. E. (2d) 910. The rationale of the family purpose doctrine is that it serves to place financial responsibility upon the head of the family who is more likely to respond in damages when the family vehicle is used negligently by a person without sufficient assets of his own.

An examination of the record in this case fails to disclose any evidence of the probative value that the appellant owned the mule and wagon and furnished it for family use. The evidence is that the husband owned the mule and wagon and such were used for family purposes. Under such circumstances the family purpose doctrine has no application. It follows that the trial judge was in error in refusing the motion of the appellant to strike the defense founded upon the family purpose doctrine.

The only other question presented for determination is whether the trial judge was in error in refusing to strike from the answer the defense of joint enterprise.

It has been repeatedly held by this court that in order to constitute joint enterprise so that the negligence of a vehicle may be imputed to an occupant of the vehicle, there must be a common purpose and a community

of interest in the object of the enterprise and an equal right to direct and control the conduct of each other with respect thereto. In other words, the passenger, as well as the driver, must be entitled to a voice in the control and direction of the vehicle. The test, when we undertake to impute to the appellant the negligence of her husband in driving the wagon is whether he was her agent, and did she have any control over the management of the wagon. Not until these facts are established can the doctrine of joint enterprise be invoked. The record contains no evidence from which it could be reasonably inferred that the appellant had any right of control over the driving of the wagon by her husband at the time in question. In the absence of any right of control, any negligence on the part of the appellant's husband could not be imputed to her. *Ray v. Simon,* 245 S. C. 346, 140 S. E. (2d) 575, and *Spradley v. Houser,* 247 S. C. 208, 146 S. E. (2d) 621. It follows that the trial judge erred in refusing to strike from the answer the defense of joint enterprise, and in submitting such issue to the jury.

The judgment of the lower court is, accordingly, reversed and the cause remanded for a new trial.

Reversed and remanded.

Lewis, Bussey, Brailsford and Littlejohn, JJ., concur.