Beatrice and Douglas DASHIELL,
Plaintiffs-Appellants,

v.

KEAUHOU–KONA COMPANY et al.,
Defendants-Appellees.

No. 72–1645.

United States Court of Appeals,
Ninth Circuit.

Nov. 9, 1973.

Koelsch, Circuit Judge, dissented
and filed opinion.

Helen B. Ryan (argued), Honolulu,
Hawaii, for plaintiffs-appellants.

Alexander Marrack (argued), Hono-
lulu, Hawaii, for defendants-appellees.

Before KOELSCH, WRIGHT and TRASK, Circuit Judges.

TRASK, Circuit Judge:

This is an appeal from a judgment of the district court, pursuant to a special verdict by a six-member jury, that the contributory negligence of Mrs. Dashiell barred both herself and her husband from recovering for injuries received when the golf cart which Mrs. Dashiell was driving and in which Mr. Dashiell was riding, collided with a truck following a ride down an incline during which Mrs. Dashiell lost control of the cart.

On October 25, 1968, appellants Mr. and Mrs. Dashiell, residents of California, rented a golf cart from the Keauhou Golf Course on the Island of Hawaii. Only Mr. Dashiell played golf, and from the second hole on, Mrs. Dashiell drove the cart. Following the first nine holes of golf and lunch, appellants attempted to go to the tenth tee to join their friends with whom they had played the first nine holes and complete the round. However, appellants made a wrong turn. Upon realizing their mistake, they headed back toward the tenth tee along a maintenance road. As the golf cart went down an incline, Mrs. Dashiell lost control, failed to make the tenth tee turn-off, sped into a parking area and collided with a truck which was backing out of the area.

The golf cart involved was a three-wheel cart that operated by means of a T-shaped pedal in the middle of the floorboard. The cart accelerates by pressing forward on the pedal; when the foot is lifted off the pedal, the cart coasts to a stop. If braking is desired, the back portion of the pedal can be pressed down.

For trial, on the issue of liability only, the defendants were designated as the golf course defendants (consisting of the Keauhou-Kona Company, a partnership composed of Troy Post and Kamehameha Development Corporation, a Hawaiian corporation; and James Parish, the resident manager) and the golf cart defendants (consisting of the distributor, Henry Mizumoto, dba Oahu Battery Sales & Service; and the manufacturer, Viking Golf Cart Company, an Indiana corporation). The owner and the operator of the truck involved in the collision were dismissed from the suit, and no appeal has been taken from that dismissal.

The theories of liability pleaded against the golf course defendants centered around negligent construction of and directions on the cart paths; negligence in supplying a cart that was dangerous to use on steep inclines and in failing to warn of that danger; and negligence in failing to warn of the defects alleged in the braking system and steering mechanism of the cart. Against the golf cart defendants appellants alleged negligence in the instructions on operating the cart and an unsafe braking system.

The jury found in the form of a special verdict that (1) the golf course defendants were negligent, and their negligence was a proximate cause of the accident; (2) the golf cart defendants were not negligent; (3) Mr. Dashiell was not contributorily negligent; (4) Mrs. Dashiell was contributorily negligent, and her negligence was a proximate cause of the accident; (5) the golf cart was not unreasonably dangerous for use on the Keauhou course at the time it was delivered; (6) nor was it unreasonably dangerous for use on the day of rental to appellants; and (7) the golf cart had a defect in the steering mechanism, which risk appellants assumed by continued use of the cart; however, the assumption of this risk was not the proximate cause of the accident.

The trial court found as a matter of law that because the Dashiells were engaged in a joint enterprise, the negligence of Mrs. Dashiell that contributed to the accident so as to bar her recovery must be imputed to her husband so as to bar his recovery.

Appellants raise several issues on this appeal which can be conveniently grouped as follows: the imputation of contributory negligence; trial by six jurors;

the use by the jury in their deliberations of exhibits which had not been admitted into evidence; limited rebuttal of an expert in accident reconstruction; alleged errors in the instructions; and alleged prejudicial comment by the trial court.

The appellants argue that the facts of this case do not support a finding of a joint enterprise or venture, and that even if they did, this theory of tort law is so discredited that the Hawaiian courts would not today apply the rule of imputed contributory negligence. Appellants urge that no court in Hawaii has, in any reported decision, applied the theory of joint enterprise to impute contributory negligence; however, the discussion of the theory in at least two cases shows that all of the elements required to prove a joint enterprise in a contract case must be shown to prove a joint enterprise in a negligence case. Further, appellants argue that if the joint enterprise issue was properly raised in this case, the issue should have been submitted to the jury.

Appellees contend that Mrs. Dashiell was acting as agent for her husband while driving the golf cart, and that the Supreme Court of Hawaii in Wong v. McCandless, 31 Haw. 750, 761–762 (1931), has at least by way of dictum adopted the imputed contributory negligence theory.

We find that on the facts of this case, at no time did the relationship of joint enterprise or joint venture exist between Mr. and Mrs. Dashiell within the meaning of imputed negligence. This is not a typical case of a business venture of a character similar to a partnership where two or more parties undertake, for some pecuniary purpose, a contractual obligation resulting in the liability of each for the negligence of the other. Because the evidence was insufficient to allow the issue of joint enterprise to go to the jury where a husband and wife were merely enjoying a round of golf, the trial court should have ruled as a matter of law that any contributory negligence of Mrs. Dashiell could not be imputed to her husband. *Cf.* Burgen v. Smith, 337 F.Supp. 197 (D.Kan.1970), affirmed 454 F.2d 1175 (10th Cir. 1972); McClure v. Price, 300 F.2d 538, 546 (4th Cir. 1962).

The concept of imputed contributory negligence developed on the basis of a fictitious agency applied to defeat the recovery of an injured plaintiff by imputing the negligence of another to him, even though the plaintiff would not have been liable for that negligence had he been sued as a defendant. It had its beginnings in England where it was followed for a relatively short period of time before being overruled.[1] It has been severely criticized by both courts and commentators in this country.[2] Prosser notes that

"[e]xcept for vestigial remnants which are at most moribund historical survivals, 'imputed contributory negligence' in its own right has now disappeared." W. Prosser, Law of Torts § 74 at 488 (4th ed. 1971).

In Babington v. Bogdanovic, 7 Ill.App.3d 593, 288 N.E.2d 40, 43 (1972), the court states,

"[h]istorically, the doctrine of imputed negligence has been repudiated by most courts in this country, except in limited classes of cases, one being the 'joint enterprise' situation."

The Supreme Court of Hawaii, in Wong v. McCandless, 31 Haw. 750 (1931), and in Dias v. Kamalani, 39 Haw. 474 (1952), has apparently recog-

---

1. Thorogood v. Bryan, 8 C.B. 115, 137 Eng. Rep. 452 (1849), overruled, The Bernina, 13 App.Cas. 1 (1888). *See* Clerk & Lindsell, Torts, 995 (13th ed. 1969); Salmond, Torts 1704–05 (15th ed.), where it is discussed under the name of "the doctrine of identification". *See also,* Harper & James, The Law of Torts, ¶ 23.2, at 1267 (1956).

2. Miller v. Union Pacific R. R. Co., 290 U.S. 227, 231–232, 54 S.Ct. 172, 78 L.Ed. 285 (1933); 3 Cooley, Torts, ¶ 492, at 440–45 (4th ed. 1932); Harper & James, The Law of Torts, *supra,* ¶ 23.2, at 1267–70; W. Prosser, The Law of Torts, § 74 (4th ed. 1971); Restatement (Second) of Torts, ¶ 485 at 542 (1965).

nized that the theory exists whereby negligence may be imputed in a joint enterprise situation in connection with the operation of an automobile. However, both cases limited the circumstances under which contributory negligence may be imputed to one engaged in a joint enterprise, and no case has been called to our attention in which a Hawaiian court has ever applied this legal fiction to any set of facts before it.

Several reasons persuade us to reject the imputation of Mrs. Dashiell's negligence to Mr. Dashiell. The Restatement of Torts (Second) § 491 at 548, comment c, states the law to be:

> "The elements which are essential to a joint enterprise are commonly stated to be four: (1) an agreement, express or implied, among the members of the group; (2) a common purpose to be carried out by the group; (3) a community of pecuniary interest in that purpose, among the members; and (4) an equal right to a voice in the direction of the enterprise, which gives an equal right to control. . . ."

In Dias v. Kamalani, *supra*, 39 Haw. at 477–479, the Supreme Court of Hawaii stated that among other considerations, a joint enterprise is "voluntarily assumed and arising wholly *ex contractu*," and that the factor of joint control "is more readily inferable where the trip is for a business venture than where it is for a pleasure venture." There is no suggestion in the present case that appellants' activities were anything more than social, nor can there by any reasonable inference by reason of the marital relationship alone that appellants undertook any contractual obligation which should cause each to be chargeable for the negligence of the other. ". . . [T]he great weight of modern authority finds no basis for imputing the negligence of one spouse to another merely because of the marital relationship itself." Harper & James, The Law of Torts ¶ 23.4 at 1271 (1956). *See also* W. Prosser, The Law of Torts, 490 (4th ed. 1971); Wright v. Standard Oil Com-

pany, Inc., 470 F.2d 1280, 1290 (5th Cir. 1972); Stam v. Cannon, 176 N.W.2d 794, 797 (Iowa 1970); Clemens v. O'Brien, 85 N.J.Super. 404, 204 A.2d 895 (1964).

The only exception is found in the law of some community property states to prevent the negligent spouse from profiting from his own wrongdoing, as a result of his community ownership of a part of the recovery by the non-negligent spouse. Tinker v. Hobbs, 80 Ariz. 166, 294 P.2d 659 (1956); Clark v. Foster, 87 Idaho 134, 391 P.2d 853, 860 (1964).

Although this exception is inapplicable in Hawaii, which has abolished community property, the record indicates that the appellant, Douglas Dashiell, was domiciled in California, a community property state. The relevancy of the community property exception is therefore dependent upon whether Hawaiian law or California law is to be applied to this issue. In resolving the question the court must look to the choice-of-law rules of the forum state. Klaxon Co. v. Stentor Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Because we are unable to find any Hawaiian decisions on point we consider the conflict of laws rules generally applied by the courts in this country. *Cf.* Gates v. P. F. Collier, Inc., 378 F.2d 888, 892 (9th Cir. 1967).

▮ Recognizing that there is some disagreement among authorities, we hold that Hawaii has the more significant relationship to the issue of imputed negligence presented here. This finding is in accordance with the Restatement (Second) on Conflict of Laws, and the apparent weight of authority. Restatement (Second) on Conflict of Laws § 166, comment *b* at 501 (1969); *see* Wright v. Standard Oil Company, Inc., 470 F.2d 1280, 1284–1286 (5th Cir. 1972); *see generally* W. deFuniak & M. Vaughn, Principles of Community Property § 92 at 229–231 (2d ed. 1971).

Since Hawaiian law treats the claims of the appellants as separate property, it is unnecessary to further consider the community property exception to the doc-

trine of imputed negligence. Graham v. Franco, 488 S.W.2d 390, 397 (Tex.1972).

Additionally, applying the concept of imputed contributory negligence to the facts of this case would needlessly frustrate some basic policies of tort law. Mr. Dashiell was found by the jury to be blameless, and since negligence law is based on personal fault, it would be both illogical and inequitable to deny him recovery unless he were under a duty to control the actions of Mrs. Dashiell as she drove the golf cart. The record reflects no basis on which to find any duty of control. The original purpose of defining the joint enterprise relationship was vicarious liability, in order to increase the number of those liable to provide a financially responsible person to injured third parties. *See* Pierson v. Edstrom, 286 Minn. 164, 174 N.W.2d 712, 715 (1970). That purpose is absent when related to the Dashiells; in fact, application of the imputed contributory negligence rule would have the opposite effect of freeing from liability another party who is at fault even though the person denied recovery is blameless.

Finally, the attempted justification for imputing negligence on the basis of some supposed right of control over the actions of the driver when considered in relation to the practical consequences of having the members of a joint enterprise try to exercise this control is rather weak. It would appear to be more correct to analyze this factor from the standpoint of whether the plaintiff-passenger had a duty to control. Unless this duty were proven, one would not be barred from recovery by the negligence of the other person unless the relation between them was such that the plaintiff would be vicariously liable as a defendant to another who was injured. *See* Clemens v. O'Brien, 85 N.J.Super. 404, 204 A.2d 895, 900 (1964); J. Weintraub, The Joint Enterprise Doctrine in Automobile Law, 16 Cornell L.Q. 320 (1931).

We reject the bar against Mr. Dashiell's recovery based upon imputation of Mrs. Dashiell's negligence merely by reason of their common recreational interest or any supposed shared right of control of the golf cart.[3]

■ Appellants contend that the constitution of Hawaii prevents the federal district courts from promulgating a procedure permitting six-member juries.[4] They rely on an opinion of the Attorney General of Hawaii written in 1968 which construed the Hawaiian constitution to require a jury of twelve in civil cases. Appellants attempt to distinguish Williams v. Florida, 399 U.S. 78, 90 S. Ct. 1893, 26 L.Ed.2d 446 (1970), as applicable only to criminal cases, and Colgrove v. Battin, 413 U.S. 149, 93 S.Ct. 2448, 37 L.Ed.2d 522 (1973) (No. 71–1442), affirming, as not controlling in a federal diversity case where state substantive law is to be applied. We find no merit in appellants' argument that a twelve-member jury is required in the United States District Court in a diversity case. In addition to the above Supreme Court authorities, two other circuits have specifically rejected this argument. Wilson v. Nooter Corp., 475 F.2d 497, 502–504 (1st Cir. 1973), cert. denied 414 U.S. 865, 94 S.Ct. 116, 38 L.Ed. 2d 85; Cooley v. Strickland Transportation Co., 459 F.2d 779 (5th Cir. 1972);

3. Other recent cases reaching similar conclusions are: Babington v. Bogdanovic, 7 Ill. App.3d 593, 288 N.E.2d 40, 43 (1972); Stam v. Cannon, 176 N.W.2d 794 (Iowa 1970); Williams v. State Farm Insurance Co., 273 So.2d 680 (La.App.1973); Pierson v. Edstrom, 286 Minn. 164, 174 N.W.2d 712 (1970); Clemens v. O'Brien, 85 N.J.Super. 404, 204 A.2d 895 (1964); Stover v. Patrick, 459 S.W.2d 393, 398 (Mo.1970); Blondin v. Carr, 121 Vt. 157, 151 A.2d 121, 123 (1959); *see* W. Prosser, Law of Torts § 72 at 481 (4th ed. 1971).

4. Article I, § 10 of the constitution of Hawaii provides:
"In suits at common law where the value of controversy shall exceed one hundred dollars, the right of trial by jury shall be preserved. The legislature may provide for a verdict by not less than three-fourths of the members of the jury."

see also Herron v. Southern Pacific Co., 283 U.S. 91, 51 S.Ct. 383, 75 L.Ed. 857 (1931).

■ Appellants allege error because of the trial court's decision to allow exhibits not introduced in evidence to be examined by the jury during its deliberations. The exhibits in question were a series of charts and calculations which were prepared by an accident reconstruction expert. There was both direct and cross-examination of this expert relative to the results reflected in these exhibits, and the exhibits were marked for identification and displayed to the jury. Appellants' counsel obtained admission into evidence of the notes and calculations upon which the exhibits were based, but the exhibits themselves were not offered.

The relevant Hawaiian decision, Lyon v. Bush, 49 Haw. 116, 412 P.2d 662 (1966), held that a verdict predicated on documents not received in evidence should be set aside unless it can be shown that the jury could not have been influenced thereby. The court there did not reverse for permitting the jury to view calculations of an attorney because on the record as a whole no prejudice was shown. We find no prejudicial error in allowing the jury to view these exhibits, primarily because it does not appear on the record that any new or additional matter was introduced at that time, and the jury had already seen them and had them explained.

■ Appellants claim they were denied an opportunity to rebut appellees' expert's testimony about the braking characteristics of Viking golf carts. Appellees' expert testified as to his general experience with Viking carts, and related that the stopping ability depends on the adjustment of the brakes. Appellants desired to have a non-expert user of the carts testify that in his opinion different carts had different braking characteristics. This opinion testimony was properly excluded by the trial judge.

Appellants contend there were several errors in the instructions as given.

With respect to the errors, if any, relative to strict liability, the jury finding of no unreasonable danger in this case vitiated what error there may have been. The assumption of risk instruction had a foundation in the facts, particularly in the evidence that the Dashiells were aware of some sort of steering problem. It further appears that the trial judge did instruct that strict liability and negligence were two separate theories of liability. Any deviation from settled instructions or comment by the trial court on the evidence was not prejudicial and did not amount to directing a verdict, especially when viewed in light of the cautionary instruction given that the jury is the ultimate fact finder and that the jury need pay no attention to the comments of the trial judge.

We reverse on the issue of imputed negligence and find that the negligence of Mrs. Dashiell may not be imputed to her husband either on the basis of the marital relationship or upon the theory of a joint enterprise. The posture of the case in view of our decision is that the jury has found that the golf course defendants were negligent and their negligence was a proximate cause of the accident; and that Mr. Dashiell was not contributorily negligent. Judgment should therefore be entered in favor of Mr. Dashiell and against the golf course defendants on the issue of liability and further proceedings taken to determine damages. It is so ordered.

The judgment as the golf cart defendants is affirmed.

KOELSCH, Circuit Judge (dissenting).

The district court determined that, under Hawaiian law, the doctrine of imputed negligence would apply in a joint venture having as its sole object the mutual pleasure of the venturers. This court disagrees on the ground that the doctrine is limited to joint ventures for pecuniary profit.

True, there is a line of authority reflected in some cases and texts cited by the majority which supports the view of

the law adopted by this court, but that view is by no means universally held, nor is the underlying rationale irrefutable. To the contrary, many jurisdictions make no such distinction. They recognize the rule applied by the district court in this case; and the logic they employ is highly persuasive. Thus the fundamental concern of the courts which espouse the doctrine is not with the nature of the undertaking, but with the question whether the particular person who is prosecuting a claim, or against whom a claim is prosecuted, had a voice in the undertaking. In short, they look to see whether he shared a right to control the undertaking. Given "the essential element of joint control" [Dias v. Kamalani, 39 Haw. 474, 478 (1952)] these courts uniformly recognize that the doctrine of imputed negligence applies without regard to the nature of the venture. Dias v. Kamalani (*supra*); Wong v. McCandless, 31 Haw. 750 (1931); Fawcett v. Irby, 92 Idaho 48, 436 P.2d 714 (1968); Bagley v. Commercial Union Ins. Co., 216 So.2d 102 (La.App.1968); Hamilton v. Slover, 440 S.W.2d 947 (Mo.1969); Lollar v. Dewitt, 255 S.C. 452, 179 S.E.2d 607 (1971); McCormick v. Stowe Lumber Co., 356 S.W.2d 450 (Tex.Civ.App. 1962); Wentworth v. Town of Waterbury, 90 Vt. 60, 96 A. 334 (1916). Their reasoning is based upon a fundamental principle of agency, applicable to the members of such ventures and reflected in the maxim "qui facit per alium facit per se." [1]

This court, until now, has consistently taken the position that, in diversity cases such as this, "The district court's considered view as to the law of the state in which it sits is entitled to great weight, and will be accepted on review unless shown to be clearly wrong." Bigjoe v. Pioneer American Ins. Co., 446

F.2d 28, 29, 30 (9th Cir. 1971); Turnbull v. Bonkowski, 419 F.2d 104, 106 (9th Cir. 1969); Owens v. White, 380 F.2d 310, 313, 315 (9th Cir. 1967); Insurance Co. of North America v. Thompson, 381 F.2d 677, 681, 25 A.L.R.3d 1378, 1385 (9th Cir. 1967); Minnesota Mutual Life Ins. Co. v. Lawson, 377 F. 2d 525 (9th Cir. 1967); Bellon v. Heinzig, 347 F.2d 4 (9th Cir. 1965); *see* Propper v. Clark, 337 U.S. 472, 486, 69 S.Ct. 1333, 93 L.Ed. 1480 (1949). Being firmly convinced that the validity of the local district court's ruling on this question of state law is, at the very least, fairly arguable, I defer to its determination and decline to join the majority in reversing the judgment for the golf course defendants.

The judgment should be affirmed in all respects.

---

1. Of course the nature of the enterprise is important where the issue of control is factual, for as the Supreme Court of Hawaii pointed out in Dias v. Kamalani, supra at 478 of 39 Haw. " . . . joint control in such cases is more readily inferable where the trip is for a business venture than where it is for a pleasure venture, since in the latter situation it is more difficult to raise a relationship higher than one of host and guest." However, no such factual issue is presented here; the evidence showed plaintiffs' right of control as a matter of law.