**UNITED STATES of America,**
**Plaintiff,**

v.

**Curtis Howe SPRINGER (a/k/a Curtis H. Springer) and Helen Springer, husband and wife, Dr. Curtis H. Springer Foundation (a/k/a Dr. Curtis Howe Springer Foundation), Basic Food Products, and ZZYZX Community Church, Defendants.**

**No. 68–1780.**

United States District Court,
C. D. California.

Dec. 15, 1970.

**626**

Robert L. Meyer, U. S. Atty., Ernestine Tolin, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff.

George W. Nilsson and Monta W. Shirley, Los Angeles, Cal., for defendants.

## MEMORANDUM OF DECISION ON MOTION OF PLAINTIFF FOR PARTIAL SUMMARY JUDGMENT

WHELAN, District Judge.

In this action plaintiff has moved for partial summary judgment. Defendants have opposed such motion and the motion has been submitted for decision after argument both oral and written was presented to the Court.

Plaintiff is the owner of the real property which is the subject of this action in fee simple subject to the effect of mining claims covering the real property described in plaintiff's complaint and located by defendant Curtis Howe Springer. Plaintiff contends that defendants have been and are using such real property for various purposes, primarily for the purposes of a resort hotel operation and related facilities, as well as for a manufacturing plant for "health" foods and for other purposes including preparation of printed materials and tape recordings for radio broadcasts. Plaintiff contends that defendants are not entitled to use such real property other than for mining purposes. Defendants contend that defendant Curtis Howe Springer may use the surface of his mining claims for any purpose he desires.

From the record now before the Court it is clear that the United States is the owner in fee simple of the real property described in the complaint, subject only to the effect of the mining claims located by defendant Curtis Howe Springer. It is undisputed that the defendants have been and are using such property for purposes other than mining; that it is used for the purpose of a resort hotel operation and related facilities, and for a manufacturing plant for "health" foods and for other purposes including preparation of printed materials and tape recordings for radio broadcasts. It is also undisputed that there are on such real property a number of structures and facilities of various kinds, including four guest-room buildings aggregating 59 units, a dining room with kitchen facilities, an administration building, a chapel-meeting room, indoor and outdoor mineral baths, a number of out buildings, electrical facilities and various other structures and facilities. It is undisputed that defendants are using the real property for purposes other than prospecting, mining or processing minerals, or purposes reasonably incident to such mining activities.

It is clear that defendants intend to continue using such real property for purposes not related to mining.

Defendant Curtis Howe Springer has not secured a patent for his mining claims nor has he made payment for the lands in question.

Defendant Curtis Howe Springer located his mining claims prior to 1955. In 1955 the Congress enacted 30 U.S.C. § 612, which in sub-division (a) thereof states as follows:

"Any mining claim hereafter located under the mining laws of the United States shall not be used, prior to issuance of patent therefor, for any purposes other than prospecting, mining or processing operations and uses reasonably incident thereto."

Defendants contend that prior to 1955 there was no such limitation.

Defendants' contention just mentioned is without merit. See United States v. Nogueira, 403 F.2d 816, 824–825 (9th

Cir. 1968). Prior to 1955 it would seem clear that a mining claimant could not use the claim for any purposes other than mining purposes and uses reasonably incident to mining, at least prior to the time that he had done everything to secure a patent even though he had not as yet actually received his patent. Teller v. United States, 113 F. 273, 284 (8th Cir. 1901); United States v. Rizzinelli, 182 F. 675, 684 (D.C.Idaho 1910). See also United States v. Etcheverry, 230 F. 2d 193, 195 (10th Cir. 1956). The contention of defendants that the decision of the U. S. Supreme Court in Wilbur v. United States ex rel. Krushnic, 280 U.S. 306, 50 S.Ct. 103, 74 L.Ed. 445 (1930), supports the position of defendants herein is not justified; rather the construction placed upon *Wilbur* by the Court of Appeals for the Tenth Circuit in United States v. Etcheverry, *supra*, to the effect that exclusive possession of the surface was limited to mining uses, would seem to be the proper construction of the principles enunciated in *Wilbur*.

 It appears from the record now before the Court that defendant Curtis Howe Springer has been using the surface of the mining claims for purposes other than mining operations, or uses reasonably incident thereto, for many years and that such uses have included some if not all of the non-mining uses hereinbefore referred to over a period of many years. However, defendants' contention that the government is now estopped to prosecute this action and to assert that defendants do not have the right to use the mining claims for purposes other than mining purposes and uses reasonably incident thereto is completely without merit. Adverse possession does not run against the United States. United States v. Gossett, 416 F.2d 565, 569 (9th Cir. 1969). Title to land owned by the United States can only be divested by an Act of Congress and cannot be lost by mistake, unauthorized actions by its officers, acquiescence of the employees of the executive branch, or laches and neglect of duty. Beaver v. United States, 350 F.2d 4, 8–9 (9th Cir. 1965).

Thus it appears that plaintiff is entitled to a partial summary judgment, holding as a matter of law on the undisputed facts that none of the defendants has any right to use any portion of the mining claims located on the lands described in the complaint herein by defendant Curtis Howe Springer for any purposes other than prospecting, mining, or processing operations, and uses reasonably incident thereto, and holding as a matter of law on the undisputed facts that defendants have been and are using such mining claims other than for prospecting, mining, or processing operations, and uses reasonably incident thereto.

 However, plaintiff is not entitled to a permanent injunction at this time because plaintiff is seeking further and additional remedies. There can be but one final judgment so that it is not proper to grant a permanent injunction at this step in the proceedings.

Under the ruling of the Court on the motion for partial summary judgment, it would appear that plaintiff may well be entitled to an injunction pendente lite enjoining defendants, and each of them, from making any use of the property for purposes other than prospecting, mining or processing operations and uses reasonably incident thereto. Plaintiff may therefore, in the event it desires, move the Court at an appropriate time for such injunction pendente lite.

There are no material disputed facts concerning the issues which are adjudicated hereby.

The foregoing constitutes the summary of undisputed facts and the conclusions of law of the Court. The Court will sign and cause to be entered a partial summary judgment which will be in accordance herewith.