Sandra J. DOUGLAS, for herself and as representative of a class, Plaintiff-Appellee,

v.

BENEFICIAL FINANCE CO. OF ANCHORAGE et al., Defendants-Appellants.

No. 71–1893.

United States Court of Appeals, Ninth Circuit.

Nov. 7, 1972.

William M. Burke (argued), George R. Richter, Jr., of Sheppard, Mullin, Richter & Hampton, Los Angeles, Cal., Murphy L. Clark, of Hughes, Thorsness, Lowe, Gantz & Clark, Anchorage, Alaska, for defendants-appellants.

R. Brock Shamberg (argued), John E. Reese, of Alaska Legal Services Corp., Anchorage, Alaska, for plaintiff-appellee.

Before MERRILL, DUNIWAY and TRASK, Circuit Judges.

DUNIWAY, Circuit Judge:

Douglas, the appellee, brought a class action in the District Court for the District of Alaska against seven Alaska Beneficial Finance Companies (collectively referred to as Beneficial), alleging that they had violated the Federal Truth-in-Lending Act (the Act), 15 U.S.C. §§ 1601–1665, by failing to disclose as security interests certain confession of judgment clauses in their promissory notes. On April 20, 1971, the district court entered a preliminary injunction restraining Beneficial from collecting on the notes pending the outcome of the action. That injunction is the subject of this appeal. We reverse.

Ordinarily, the grant or denial of a preliminary injunction is a matter within the discretion of the district court, and it will not be reversed absent an abuse of that discretion. *See* King v. Saddleback Junior College District, 9 Cir., 1970, 425 F.2d 426, 429. An exception to this rule applies when such grant or denial is based upon an erroneous legal premise; the order is then reviewable as is any other conclusion of law. Delaware & Hudson Railway Co. v. United Transportation Union, 146 U.S.App.D.C. 142, 1971, 450 F.2d 603, 619–623; Ring v. Spina, 2 Cir., 1945, 148 F.2d 647, 650. As will be seen, this is such a case.

The confession of judgment clause used by Beneficial reads:

"Undersigned jointly and severally authorize and empower any attorney of law of any court of record of the State of Alaska or elsewhere in the United States to appear for undersigned, or any one of undersigned, in an action on this note in any court of the United States, State of Alaska or elsewhere in the United States at any time after default in the payment of the amount of any instalment of principal and interest thereon, and confess judgment against any one or all of the undersigned for the amount due with interest and charges permitted by said

Section 06.20.260, of the Alaska Statutes, all without benefit of valuation and appraisal laws."

Section 1638 of the Act provides, in part:

"(a) In connection with each consumer credit sale not under an open end credit plan, the creditor shall disclose each of the following items which is applicable: . . . .

(10) A description of any security interest held or to be retained or acquired by the creditor in connection with the extension of credit, and a clear identification of the property to which the security interest relates."

The Board of Governors of the Federal Reserve System (15 U.S.C. § 1602 (b)), is given authority by 15 U.S.C. § 1604 as follows:

"The Board shall prescribe regulations to carry out the purposes of this subchapter. These regulations may contain such classifications, differentiations, or other provisions, and may provide for such adjustments and exceptions for any class of transactions, as in the judgment of the Board are necessary or proper to effectuate the purposes of this subchapter, to prevent circumvention or evasion thereof, or to facilitate compliance therewith."

Pursuant to this authority the Board has defined "security interest" as including "confessed liens whether or not recorded," 12 C.F.R. § 226.2(z), and has issued an interpretation of this regulation stating:

"(b) In some of the States, confession of judgment clauses or cognovit provisions are lawful and make it possible for the holder of an obligation containing such clause or provision to record a lien on property of the obligor simply by recordation entry of judgment; the obligor is afforded no opportunity to enter a defense against

such action prior to entry of the judgment.

(c) Since confession of judgment clauses and cognovit provisions in such States have the effect of depriving the obligor of the right to be notified of a pending action and to enter a defense in a judicial proceeding before judgment may be entered or recorded against him, such clauses and provisions in those States are security interests . . . ." 12 C.F.R. § 226.202.

The district court construed Alaska law to be that Beneficial could not obtain judgment under the clause in question unless the obligor first had notice and an opportunity to defend against the action. Nonetheless, it held that the confession of judgment clause was a security interest under the Board's interpretation because Beneficial might take the notes to a jurisdiction in which judgment without notice or hearing is permitted and there obtain a judgment which would be entitled to full faith and credit in Alaska. We do not think that the interpretation supports this view.

 Douglas argues, apparently for the first time on this appeal, that judgment without notice and hearing would be available to Beneficial under Alaska law. However, the district court did not so hold, and the Alaska statute and rule of civil procedure pertaining to judgment by confession have not been construed by the Alaska courts.[1] In diversity cases, where state law controls, a district judge's interpretation of the law of the state where he sits will not be overturned unless clearly wrong, particularly if the highest state court has not passed on the matter. Turnbull v. Bonkowski, 9 Cir., 1969, 419 F.2d 104, 106; Insurance Company of North America v. Thompson, 9 Cir., 1967, 381 F.2d 677, 681; Owens v. White, 9 Cir., 1967, 380 F.2d 310, 315; Minnesota Mutual Life

1. Alaska Stat. § 09.30.060 would appear to authorize confession of judgment without notice and hearing. However, Rule 57(c) Alaska R.Civ.P. establishes several procedural requirements for confession of judgment without action which the district court held were "clearly" not satisfied by the notes in question.

**456**

Insurance Co. v. Lawson, 9 Cir., 1967, 377 F.2d 525, 526. The same deference to the judgment of an experienced district court judge is appropriate here. We therefore reject Douglas' argument on this point.

■■ It is undisputed that all of the notes in question were executed in Alaska and are subject to Alaska law. There is no evidence indicating that Beneficial has ever gone out of state to obtain a judgment in the manner hypothesized by the district court; indeed, the only evidence on this point is to the contrary. In such circumstances, we hold that the district court's decision disregards the Board's interpretation of its regulation, which states that confession of judgment clauses are security interests "in those States" in which judgment may be entered without notice and hearing. The district court's view would make this limitation meaningless. Theoretically, any creditor can travel to another state to obtain a confessed judgment; such clauses would thus be security interests which must be disclosed in all states. We cannot presume that the Board intended its regulation to have this effect when its interpretation plainly precludes it.[2]

■ This conclusion is not affected by the fact that debtors occasionally move to other states, whereupon Beneficial assigns their notes to one of its offices in those states for collection. At the time of the loan, Beneficial has no means of determining whether the debtor will move and, if he does, whether he will go to a state where judgment without notice or hearing is permissible. An obligor's change of residence is therefore a subsequent occurrence which, under the Act and regulations, does not affect the validity of the original disclosure. 15 U.S.C. § 1634; 12 C.F.R. § 226.6(g). We hold that the confession of judgment clause in Beneficial's Alaska notes is not a security interest required to be disclosed by 15 U.S.C. § 1638(a)(10).

The order appealed from is reversed and the case is remanded for further proceedings consistent with this opinion.

---

2. Even if we were so inclined we should not disregard the Board's interpretation of its regulation and hold that Beneficial's confession of judgment clause is a security interest. The interpretation is not plainly outside the Board's authority and we are therefore bound by it. Immigration and Naturalization Service v. Stanisic, 1968, 395 U.S. 62, 72, 89 S.Ct. 235, 21 L.Ed.2d 197.