PACIFIC LEGAL FOUNDATION et al.,
Plaintiffs-Appellants,

v.

Douglas M. COSTLE et al.,
Defendants-Appellees.

No. 80–4108.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 17, 1980.

Decided Aug. 12, 1980.

Rehearing Denied Oct. 2, 1980.

John H. Findley, Sacramento, Cal., argued, for plaintiffs-appellants.

Joshua I. Schwartz, Washington, D.C., argued, Dirk D. Snel, Atty., Washington, D.C., on brief, for defendants-appellees.

Before SNEED and POOLE, Circuit Judges, and ZIRPOLI *, District Judge.

OPINION

SNEED, Circuit Judge:

Plaintiffs-appellants, a nonprofit law firm and several California state legislators, appeal from the denial of their motion for a preliminary injunction to restrain the defendant-appellee from enforcing a ban on the construction or modification of certain sources of air pollution in California and from penalizing the state for its failure to enact anti-pollution laws in accordance with agency demands. Appellants based this motion on allegations that the Environmental Protection Agency (EPA) has failed to perform its nondiscretionary duty to promulgate regulations that would obviate the need for the construction ban, and that the agency is using unconstitutional methods to coerce the California legislature to act. The district court denied the motion. It held that it had no jurisdiction to consider the statutory claim and that the constitutional claim was almost certainly without merit. Our jurisdiction rests on 28 U.S.C. § 1292(a)(1) (1976). We affirm the district court's denial of the motion.

The Clean Air Act, 42 U.S.C. § 7401 *et seq.* (Supp. II 1978), requires each state to draw up for the EPA's approval a state implementation plan (SIP), or a revision in the light of recent Clean Air Act amendments, confirming the adoption of state legislative and executive measures for enforc-

---

* Honorable Alfonso J. Zirpoli, Senior United States District Judge for the Northern District of California, sitting by designation.

ing national air quality standards announced by the EPA. Appellants contend that, if a state had not submitted an acceptable SIP by January 1, 1979, the EPA should have "promptly," and at the latest within six months, promulgated its own SIP for the state, unless the state had adopted and submitted a satisfactory SIP in the meantime. *Id.* § 7410(c)(1); Clean Air Act Amendments of 1977, Pub.L.No.95-95, § 129(c), 91 Stat. 750–51 (1977). Many states have now failed to meet new deadlines for the submission of SIPs set by the 1977 amendments. On July 1, 1979—the date by which the EPA was to have approved or rejected any SIPs submitted by January 1, 1979—the EPA published what it designates as an "interpretive" rule that imposes a construction ban. It provides that after June 30, 1979, the last day for EPA approval of state-submitted SIPs, no major stationary source of pollution may be constructed or modified in a highly polluted, "nonattainment" area to which an SIP applies unless the SIP meets certain requirements. 44 Fed.Reg. 38471 (July 2, 1979).

The 1977 amendments give the EPA another means of inducing the states to do their part. The EPA may disapprove projects and cut off grants under the various air pollution statutes if a state has neither submitted a timely, satisfactory SIP nor made "reasonable efforts" toward that end. 42 U.S.C. § 7506 (Supp. II 1978).

California missed the January 1, 1979 deadline for submitting a revised SIP. On September 7, 1979 an EPA official telegraphed a state senator that the construction ban would continue until California's revised SIP was approved, and that the EPA would begin cutting off the federal funds it administers unless California soon made reasonable efforts to comply with the Clean Air Act requirements, one of which is enactment by the state of legislation to enforce anti-pollution measures in the highly polluted areas.

The Clean Air Act sets up a special jurisdictional scheme for review of EPA actions. 42 U.S.C. § 7607(b)(1), (e) (Supp. II 1978). It confers jurisdiction on the courts of appeals in several specified circumstances, but the list is not exhaustive. Section 7604 empowers the district courts "to order the Administrator to perform . . . any act or duty under this chapter which is not discretionary . . . ." *Id.* § 7604(a). Appellants rely on section 7604 to provide district court jurisdiction with respect to their claim that the EPA should have promulgated its own SIP for California. The district court held without prejudice to the other issues in the case, that the citizen suit jurisdiction provided by section 7604 does not provide a basis for the motion to suspend the ban. This motion, the district court held, questions final agency action reviewable only in the courts of appeals under section 7607(b)(1). Federal question jurisdiction, 28 U.S.C. § 1331 (1976), however, permits appellants' constitutional attack on the EPA's use of funding sanctions, the district court concluded. That attack was held to be virtually without merit. For these reasons the district court denied the motion.

Our standard of review in cases of this type has been stated many times. Under that standard the denial of a preliminary injunction is within a district court's discretion, even when the balance of hardships tips sharply in the movant's favor, unless the suit for a permanent injunction can be said to raise serious questions or has a fair chance of success on the merits. *Benda v. Grand Lodge of International Association of Machinists & Aerospace Workers,* 584 F.2d 308, 315 (9th Cir. 1978), *cert. dismissed,* 441 U.S. 937, 99 S.Ct. 2065, 60 L.Ed.2d 667 (1979). We hold that in this case neither the likelihood that there was jurisdiction to hear the statutory challenge nor the likelihood that the constitutional challenge, for which jurisdiction existed, would be successful suffices to require that we direct the district court to grant appellants' motion for a preliminary injunction.

Affirmed.

POOLE, Circuit Judge, concurring:

I concur in the judgment affirming the district court's denial of appellants' motion

for a preliminary injunction, but on a somewhat different basis.

With respect to their challenge to the construction moratorium, I would affirm on the ground that the district court correctly concluded that it lacked jurisdiction over that challenge,[1] substantially for the reasons stated in that court's opinion. The "citizen suit" to compel performance of the EPA's purportedly nondiscretionary duty to promulgate a SIP for California, for which jurisdiction was asserted under 42 U.S.C. § 7604, was merely incidental to the challenge to the construction ban, at least at this stage of the proceedings. Whether the ban was imposed by the interpretive rule or the EPA telegram to the state legislators, appellants were seeking review of either the promulgation of a portion of an implementation plan or other "final action" of the Administrator within the meaning of 42 U.S.C. § 7607(b)(1), as broadly defined in *Harrison v. PPG Industries, Inc.,* —— U.S. ——, 100 S.Ct. 1889, 64 L.Ed.2d 525 (1980). Jurisdiction over this challenge, therefore, was exclusively in the court of appeals under that section and 42 U.S.C. § 7607(e).

As to the threatened funding cutoffs, the district court's conclusion that appellants had virtually no chance of succeeding on the merits was neither an abuse of discretion nor based upon erroneous legal premises. I would therefore also affirm the denial of preliminary injunctive relief on that ground. See *Miss Universe, Inc. v. Flesher,* 605 F.2d 1130, 1132–33 & n. 5 (9th Cir. 1979); *Benda v. Grand Lodge, etc.,* 584 F.2d 308, 315 (9th Cir. 1978), *cert. dismissed,* 441 U.S. 937, 99 S.Ct. 2065, 60 L.Ed.2d 667 (1979).

---

1. I concur, instead of joining with the majority, because it seems to me that the threshold question is not whether there was a *likelihood* of jurisdiction to hear this challenge, but whether the district court did or did not have such jurisdiction. Subject matter jurisdiction is a question of law, not a matter of discretion. If the district court did have jurisdiction, its denial of the preliminary injunction for lack of jurisdiction would have constituted an erroneous legal premise, and that would be a basis for reversal. *William Inglis & Sons Baking Co. v. ITT Continental Baking Co., Inc.,* 526 F.2d 86, 88 (9th Cir. 1975); *Douglas v. Beneficial Finance Co.,* 469 F.2d 453, 454 (9th Cir. 1972).