**FEDERAL SAVINGS AND LOAN IN-SURANCE CORPORATION as Conservator for American Diversified Savings Bank; American Diversified Capital Corporation; American Diversified Investment Corporation, Plaintiffs–Appellants,**

v.

**Ranbir S. SAHNI; Judy Day, et al., Defendants,**

**and**

**Lester G. Day, Defendant–Appellee.**

No. 87–6102.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 31, 1988.

Memorandum Filed Nov. 25, 1988.

Decided March 1, 1989.

Theodore Russell, Pettit & Martin, San Francisco, Cal., for plaintiffs-appellants.

Marc Alexander, McKittrick, Jackson, DeMarco & Peckenpaugh, Newport Beach, Cal., for defendants-appellees.

Before WRIGHT, NORRIS and WIGGINS, Circuit Judges.

PER CURIAM:

This is an appeal under 28 U.S.C. § 1292(a)(1) from a district court's denial of preliminary injunctive relief on behalf of FSLIC against the former president of a bank determined to be insolvent. We reverse.

FSLIC, as conservator of the American Diversified Savings Bank, seeks a preliminary injunction freezing the assets of the bank's president Lester Day, who is the defendant in an action brought by FSLIC to recover wrongful bonus payments taken from the bank. In April 1986 and again in May and September 1986, the district court entered an order freezing certain accounts of Lester Day, his wife Julia Day, and their sons Michael and Steven Day.

In February 1987 the FSLIC requested a further asset freeze on property equivalent

to the value of the remainder of the unlawful bonus proceeds. The district court denied this further relief, finding that the FSLIC had failed to show that the Days were likely to dissipate the assets in the absence of a court-ordered freeze.

The standard in reviewing a denial of preliminary injunctive relief is abuse of discretion. *See, e.g., Securities and Exchange Comm. v. Carter Hawley Hale Stores, Inc.,* 760 F.2d 945, 947 (9th Cir. 1985). However, a district court abuses its discretion if it rests its conclusion on an erroneous legal premise, and questions of law are reviewed de novo. *See Douglas v. Beneficial Finance Co.,* 469 F.2d 453, 454 (9th Cir.1972). Here, we conclude that the district court abused its discretion by applying an erroneous legal standard.

In its initial grant of injunctive relief, the district court correctly stated one of our circuit's standards for issuing a preliminary injunction: whether the movant has shown that there exists a likelihood of success on the merits and that there is a possibility of irreparable harm in the absence of an injunction. *See Benda v. Grand Lodge,* 584 F.2d 308, 314 (9th Cir. 1978). In its order denying further relief, however, the district court applied a more stringent standard. The district court held that "[b]ecause an asset freeze is such a drastic provisional remedy, this court is of the opinion that *likelihood* of dissipation of assets is a prerequisite." Order Denying Asset Freeze, E.R. at 113 (emphasis added).

We believe it was error to require this more stringent standard. So long as the district court continued to believe that FSLIC was likely to succeed on the merits, the court should only have required FSLIC to show a possibility of dissipation of assets. The district court's substitution of a "likelihood" of dissipation—as opposed to its "possibility"—as the standard placed an unnecessarily heavy burden on FSLIC.

We have previously held, in an analogous situation involving the FTC, that an asset freeze may issue without such a heightened showing of likely irreparable harm; indeed, when " 'the public interest is involved in a proceeding of this nature, [the

district court's] equitable powers assume an even broader and more flexible character than when only a private controversy is at stake.' " *FTC v. H.N. Singer, Inc.,* 668 F.2d 1107, 1112 (9th Cir.1982) (quoting *Porter v. Warner Holding Co.,* 328 U.S. 395, 398, 66 S.Ct. 1086, 1089, 90 L.Ed. 1332 (1946)). Other courts have consistently concluded that an asset freeze in similar contexts does not require that the court find that dissipation is likely. *See, e.g., Commodity Futures Trading Comm. v. Muller,* 570 F.2d 1296, 1300–01 (5th Cir. 1978); *Federal Trade Commission v. Southwest Sunsites, Inc.,* 665 F.2d 711, 716–19 (5th Cir.1982); *SEC v. Manor Nursing Centers, Inc.,* 458 F.2d 1082, 1106 (2d Cir.1972).

We hold that the district court erred in requiring FSLIC to show that the Days were likely to dissipate their assets in the absence of an asset freeze. The proper standard for the district court to apply in deciding whether to issue a freeze is whether FSLIC has shown a likelihood of success on the merits and a possibility of dissipation. We accordingly REVERSE and REMAND for reconsideration of FSLIC's request for an extension of the freeze order.